THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| KNC TECHNOLOGIES, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>NITOR SOLUTIONS, INCORPORATED<br><br>  Defendant. | Civil Action No. 1:14-cv-874 |

## JOINT RULE 26(f) REPORT

1. Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1(b), a meeting was held on November 25, 2014 (the "Conference"), via telephone, and was attended by Erin Jones Adams of Spilman Thomas & Battle, PLLC on behalf of Plaintiff KNC Technologies, LLC (formerly known as Ken-Nect Communications, L.L.C.) ("Plaintiff") and Margaret S. Shipley of Wall Esleeck Babcock LLP on behalf of Defendant Nitor Solutions, Incorporated ("Defendant").

2. <u>Discovery Plan</u>: The parties jointly propose to the Court the following discovery plan:

Discovery will be needed on the following subjects:

  (a) Plaintiff's allegations and damages as set forth in the Complaint;

  (b) Defendant's asserted affirmative defenses as set forth in its Answer;

  (c) All other issues raised by the pleadings or discovery;

  (d) Any expert disclosures; and

1

(e) All other matters that will reasonably lead to the discovery of admissible evidence.

The parties agree that the appropriate plan for this case (with any stipulated modification by the parties as set out below) is that designated in Local Rule 26.1(a) as **Standard**.

(a) The date for completion of all discovery (general and expert) is: June 1, 2015.

(b) Reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due during the discovery period:

(i) From Plaintiff by March 20, 2015.

(ii) From Defendant by April 17, 2015.

(c) Any additional rebuttal reports must be completed and exchanged by May 15, 2015.

(d) Each party shall have a total of 20 interrogatories, 25 requests for production of documents, and 20 requests for admission.

(e) Supplementations will be as provided in Rule 26(e) or as otherwise ordered by the Court.

3. <u>Discovery Plan for Electronically-Stored Information</u>: Pursuant to Federal Rule of Civil Procedure 26, the parties stipulate and agree that the following discovery plan shall govern the search and production of electronically-stored information ("ESI") in this matter ("ESI Discovery Plan").

A. SCOPE

    1. This ESI Discovery Plan shall govern the production of documents and ESI, as described in Federal Rules of Civil Procedure 26, 33, and 34.

    2. The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the case.

    3. Nothing in this ESI Discovery Plan shall supersede the provisions of any subsequent Stipulated Protective Order.

B. SEARCHING

    1. <u>Search Protocol</u>.

        (a) Each party shall be responsible for generating a search protocol that it believes in good faith will return a reasonably high proportion of responsive documents.

        (b) Within five (5) days of the parties' exchange of Rule 26(a)(1) initial disclosures, the parties will exchange the proposed search protocol that each producing party proposes to use to identify and collect responsive ESI, including the identification of search terms, locations/sources of ESI, custodians of ESI, file types for ESI, and identification of who will search for and collect ESI.

(c) Within five (5) days of the parties' exchange of proposed search terms and protocol, the parties will meet and confer to agree on the proposed search terms and protocol.

(d) In the event that any party issues requests for production after the meet and confer described in this section, the parties will meet and confer within five (5) days of service of such requests to discuss the need for supplemental search terms, to identify supplemental search terms, if any, and to negotiate alternative search protocols, if necessary.

(e) If the parties are unable to reach an agreed set of search terms and search protocol, the parties may present the issues to the Court for resolution.

2. Presumptive Limitations on Scope of E-Discovery.

(a) The following types of data stores are presumed to be inaccessible and are not subject to discovery absent a particularized need for the data as established by the facts and legal issues of the case:

i. Random access memory (RAM), temporary files, or other ephemeral data that is difficult to preserve without disabling the operating system.

ii. Back-up data that is substantially duplicative of data that are more accessible elsewhere.

4

iii. Data remaining from systems no longer in use that is unintelligible on the systems in use.

iv. Electronic data (e.g. email, calendars, contact data, notes, and text messages) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

(b) Electronic discovery will be limited to ESI in the parties' custody, possession, or control created on or after January 1, 2012. This date parameter is included for the purpose of reasonably limiting the volume of ESI collected by the parties to ESI created on or after January 1, 2012; however, it shall not limit the parties' rights to object to the temporal scope of ESI requested in response to discovery requests.

C. PRODUCTION FORMAT

1. Document format.

(a) ESI derived from e-mail and other electronically created files (e.g. Microsoft Office files, WordPerfect) will be produced as Bates-labeled single page/multi-page TIFF, with OCR text files.

5

(b) Each party reserves the right to request native files for documents that are difficult to understand after they have been produced in the format specified herein or that contain potentially relevant embedded information, and such requests will not be unreasonably denied. Such a request shall be made according to the following protocol.

    i. The requesting party shall make any such request as soon as reasonably practical after receiving a document production.

    ii. The requesting party shall provide a list of Bates numbers of the documents that it is requesting to be produced in native file format.

    iii. Within fourteen (14) days of receiving this request, the producing party will either (1) produce the requested native files to the extent reasonably practicable, or (2) respond in writing setting forth its particularized position on the production of the requested documents.

    iv. If the parties are unable to agree as to the production of the requested documents in native format, the parties may submit the matter to the Court.

6

Case 1:14-cv-00874-UA-JLW   Document 21   Filed 12/03/14   Page 6 of 13

(c) The parties will produce ESI on portable media (CD, DVD, flash storage device).

2. <u>Metadata format</u>. To the extent a party desires to request metadata, the requesting party shall identify the fields for which it seeks metadata in its discovery requests, and the responding party shall notify the requesting party of its intention to object to the request for metadata within seven (7) days of service of the discovery requests. The parties agree that they will not request metadata fields unless those particular fields are reasonably expected to be relevant to the claims and/or defenses in this litigation.

3. <u>Load file format</u>. The parties agree to produce all ESI with load files in .dat and .opt format.

4. <u>De-Duplication</u>. A party is only required to produce a single copy of a responsive document.

   (a) The parties may de-duplicate stand-alone documents or entire document families globally using MD5 or SHA-1 Hash value matching. ESI that is not an exact duplicate may not be removed.

   (b) Common system files defined by the NIST library (http://www.nsrl.nist.gov/) need not be produced.

   (c) Attachments to e-mails shall not be eliminated from the parent e-mail and vice versa.

7

        (d)    Paper documents shall not be eliminated as duplicates of responsive ESI. To the extent the parties de-duplicate stand-alone electronic documents against an e-mail attachment, the attachment to the e-mail must be the document that is produced.

D. <u>OTHER</u>

    1.    Nothing in this ESI Discovery Plan shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and ESI.

    2.    The undersigned agree to log ESI withheld from discovery on the basis of an applicable privilege. The privilege log shall otherwise comply with the requirements of Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure. The undersigned agree that the privilege log need not include an identification of attorney-client or attorney work product protected materials generated on or after the date of the filing of the Complaint in this action.

    3.    The undersigned agree that the inadvertent production of attorney-client privileged materials, work product privileged materials, or

8

trial preparation materials shall not constitute a waiver of those protections. In the event of the inadvertent production of such protected information, the parties will follow the procedure set out in Rule 26(b)(5)(B). The parties will seek to have a Federal Rule of Evidence 502(d) Order entered.

4. <u>Mediation</u>. The parties agree that the mediator shall be Kenneth P. Carlson of Constangy Brooks & Smith LLP. Mediation should be conducted before the end of the discovery period, the exact date to be set by the mediator after consultation with the parties.

5. <u>Preliminary Deposition Schedule</u>. Preliminarily, the parties agree to the following schedule for depositions:

   (a) Depositions will be taken after receipt of Rule 26(a)(1) initial disclosures.

   (b) Plaintiff and Defendant shall each make retained expert witnesses available for deposition as soon as possible after submission of the expert's report.

   (c) Counsel for the parties will confer and attempt to schedule any deposition on mutually agreeable dates during the discovery period.

6. <u>Other Items.</u>

   (a) Plaintiff shall be allowed until January 15, 2015 to join additional parties or to amend pleadings. Defendant shall be allowed until February 5, 2015 to join additional parties or amend the pleadings.

After these dates, the Court will consider, *inter alia*, whether the granting of leave to amend will delay trial.

(b) Written discovery response times may be adjusted by agreement between the parties or with leave of Court.

(c) The parties stipulate and agree that written discovery requests and responses may be served by e-mail, provided however that the parties shall receive the additional (3) days permitted by the Federal Rules of Civil Procedure to respond to written discovery requests as if they were served by mailed.

(d) The parties have discussed special procedures for managing this case, including reference of the case to a magistrate judge on consent of the parties under 29 U.S.C. §636(c), or appointment of a master. The parties do not agree to refer this case to a magistrate judge under 29 U.S.C. §636(c).

(e) All potentially dispositive motions shall be filed no later than thirty (30) days after the close of the discovery period.

(f) Jury trial of the action is expected to take approximately two (2) days.

(g) The parties request that a pretrial conference be held twenty-one (21) days prior to the trial date.

10

Case 1:14-cv-00874-UA-JLW   Document 21   Filed 12/03/14   Page 10 of 13

(h) Unless otherwise ordered by the Court, the parties agree that all motions *in limine* shall be filed no later than fourteen (14) days prior to the pretrial conference.

(i) Plaintiff's Motion to Disqualify Counsel (Docket No. 13), and Defendant's Motion to Dismiss and for Judgment on the Pleadings, which alternatively seeks limited discovery (Docket No. 9), are currently pending in this case. The parties consent to a pretrial conference to the extent the Court deems it appropriate discuss the impact these pending motions may have on the matters discussed herein.

7. <u>Confidential information</u>. The parties agree that personal or proprietary information produced or disclosed by the parties shall be used solely in the prosecution or defense of this action. The parties agree that they will propose to the court a mutually agreeable confidentiality/protective order to govern the production or disclosure of any confidential information during the pretrial period. (A proposed protective order is attached as **Exhibit A**.) Each party reserves the right to seek and obtain, upon an appropriate showing, such additional protection with regard to confidential information as that party may deem appropriate. All parties also reserve the right to move for a protective order with regard to any subject of discovery, including but not limited to the subjects listed above.

8. Any party may seek to amend any provision of this Joint Rule 26(f) Report for good cause.

11

This the 3rd day of December 2014.

*/s/ Jeffrey D. Patton*_____
Jeffrey D. Patton (NC State Bar No. 21246)
Erin Jones Adams (NC State Bar No. 36581)
Spilman Thomas & Battle, PLLC
110 Oakwood Drive, Suite 500
Winston-Salem, NC  27103
jpatton@spilmanlaw.com
sadams@spilmanlaw.com
Telephone: (336) 725-4710
Facsimile: (336) 725-4476

*Counsel for Plaintiff*

*/s/ Andrew L. Fitzgerald*_____
Andrew L. Fitzgerald (NC State Bar No. 31522)
Margaret S. Shipley (NC State Bar No. 44777)
Wall Esleeck Babcock LLP
1076 W. Fourth Street
Winston-Salem, NC  27101
MShipley@webllp.com
AFitzgerald@webllp.com
Telephone: (336) 714-1223
Facsimile: (336) 714-1238

*Counsel for Defendant*

12

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

|   |   |
|---|---|
| **KNC TECHNOLOGIES, LLC,**<br><br>　Plaintiff,<br><br>v.<br><br>**NITOR SOLUTIONS, INCORPORATED**<br><br>　Defendant. | **Civil Action No. 1:14-cv-874** |

## CERTIFICATE OF SERVICE

I, Jeffrey D. Patton, hereby certify that on December 3rd, 2014, I electronically filed the foregoing ***Joint 26(f) Report*** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to any counsel of record, and placed a true and exact copy thereof in the United States mail, first class, postage prepaid, on this 3rd day of December 2014 addressed as follows:

>Andrew L. Fitzgerald
>Margaret S. Shipley
>Wall Esleeck Babcock LLP
>1076 W. Fourth Street
>Winston-Salem, NC 27101
>*Counsel for Defendant*

>　　　*/s/ Jeffrey D. Patton*_____
>　　　Jeffrey D. Patton
>　　　(NC State Bar No. 21246)

13